1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   SHARON NESS, individually,

11           Plaintiff,                         NO.  C10-5111 FDB

12   vs.

13   LAW ENFORCEMENT SUPPORT          DEFENDANTS' ANSWER AND
     AGENCY (LESA); PIERCE COUNTY;    AFFIRMATIVE DEFENSES
14   CITY OF TACOMA; DIANA LOCK;
     individually and in her personal
15   capacity as assistant director for
     LESA communications; KELLY
16   BOCHENSKI, individually and in her
     personal capacity as administrative
17   assistant director for LESA
     communications; JOHN PIRAK,
18   individually and in his personal
     capacity as director of LESA
19   communications; TOM ORR,
     individually and in his personal
20   capacity as director of LESA
     communications; JODI MAIER,
21   individually and in her personal
     capacity as schedule supervisor for
22   LESA communications,
23
24           Defendants.

25

26   DEFENDANTS' ANSWER AND
     AFFIRMATIVE DEFENSES –
     Page 1 of 13
     (C10-5111 FDB)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, Washington 98402-3767
(253) 591-5885 / FAX 591-5755

LEG 008 (12/01)

COME NOW the defendants in above-captioned action, by and through their attorneys of record, and by way of answer to plaintiff's complaint, admit, deny, and allege as follows:

## I.    STATEMENT OF THE CASE

In answer to this section of plaintiff's complaint, defendants assert that this paragraph contains only legal assertions to which no responsive pleading is required.

## II.    JURISDICTION AND VENUE

2.1    In answer to paragraph 2.1 of plaintiff's complaint, defendants admit that this court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1331 and §1367.  As to the remaining allegations contained herein, the defendants deny the same.

2.2    In answer to paragraph 2.2 of plaintiff's complaint, defendants admit the same.

## III.    PARTIES

3.1    In answer to paragraph 3.1 of plaintiff's complaint, defendants admit the same.

3.2    In answer to paragraph 3.2 of plaintiff's complaint, defendants deny that defendant LESA is a local agency subject to liability under 42 U.S.C. § 1983.  As to the remaining allegations contained in paragraph 3.2, defendants admit the same.

3.3    In answer to paragraph 3.3, defendants admit that defendant Pierce County is a political subdivision of the State of Washington authorized to

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES –
Page 2 of 13
(C10-5111 FDB)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, Washington 98402-3767
(253) 591-5885 / FAX 591-5755

LEG 008 (12/01)

do business in the State of Washington and doing business in the State of Washington under color of state law.  As to the remaining allegation in paragraph 3.3, defendants deny that all acts of its employees are the acts of the County.

3.4    In answer to paragraph 3.4 of plaintiff's complaint, defendants admit the same.

3.5    In answer to paragraph 3.5 of plaintiff's complaint, defendants admit that defendant Lock is an Assistant Director and directly responsible for the 911 Call Center.  Defendants deny any misconduct by defendant Lock.  As to the remaining allegations contained herein, the defendants assert that these are only legal assertions to which responsive pleadings are not required.  If responsive pleadings are deemed required, defendants deny the same.

3.6    In answer to paragraph 3.6 of plaintiff's complaint, defendants admit that defendant Bochenski is an Assistant Director and directly responsible for medical requests by LESA employees.  Defendants deny any misconduct by defendant Bochenski.  As to the remaining allegations contained herein, the defendants assert that these are only legal assertions to which responsive pleadings are not required.  If responsive pleadings are deemed required, defendants deny the same.

3.7    In answer to paragraph 3.7 of plaintiff's complaint, defendants admit that defendant Pirak is the former Director of LESA and that he was directly responsible at the time for overseeing all aspects of LESA.  Defendants deny any misconduct by defendant Pirak.  As to the remaining allegations

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES –
Page 3 of 13
(C10-5111 FDB)

LEG 008 t12/013

contained herein, the defendants assert that these are only legal assertions to which responsive pleadings are not required. If responsive pleadings are deemed required, defendants deny the same.

3.8    In answer to paragraph 3.8 of plaintiff's complaint, defendants deny that defendant Jodi Maier is the scheduling supervisor for LESA but admit she is designated as a supervisor, whose duties include scheduling LESA Communications employees and coordinating work shifts. Defendants deny any misconduct by defendant Maier. As to the remaining allegations contained herein, the defendants assert that these are only legal assertions to which responsive pleadings are not required. If responsive pleadings are deemed required, defendants deny the same.

3.9    In answer to paragraph 3.9 of plaintiff's complaint, defendants admit that defendant Tom Orr is the current director of LESA, but deny that defendant Orr is the current director of only LESA Communications. Defendants deny any misconduct by defendant Orr. As to the remaining allegations contained herein, the defendants assert that these are only legal assertions to which responsive pleadings are not required. If responsive pleadings are deemed required, defendants deny the same.

3.10    In answer to paragraph 3.10 of plaintiff's complaint, defendants admit the same.

## IV.    STATEMENT OF FACTS

4.1    In answer to paragraph 4.1 of plaintiff's complaint, defendants admit the same.

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES –
Page 4 of 13
(C10-5111 FDB)

LEG 008 (12/01)

4.2     In answer to paragraph 4.2 of plaintiff's complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

4.3     In answer to paragraph 4.3 of plaintiff's complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

4.4     In answer to paragraph 4.4 of plaintiff's complaint, defendants admit that on April 20, 2004, a meeting was held in which defendant John Pirak, LESA Director at the time, and defendant Diana Lock, Assistant Director, were present.  Also present were Angela Hardy from the City of Tacoma's Human Resources Department, union representative Kim Sirianni, and on information and belief, Ann Mueller, an IT representative.   Defendants admit that during the meeting, plaintiff requested she be provided a typewriter.  Defendants admit that plaintiff provided a note from her physician, but deny that the physician's note indicated that any accommodations for her condition were required to enable her to perform the essential functions of her position.  As to the remaining allegations contained in paragraph 4.4, defendants deny the same.

4.5     In answer to paragraph 4.5 of plaintiff's complaint, defendants admit that plaintiff met with defendants Bochenski and Lock and her union representative Mark Manning in January 2009 to discuss plaintiff's request for accommodations.  As to the remaining allegations in paragraph 4.5, defendants deny the same.

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, Washington 98402-3767
(253) 591-5885 / FAX 591-5755

LEG 008 (12/01)

4.6     In answer to paragraph 4.6 of plaintiff's complaint, defendants admit the same.

4.7     In answer to paragraph 4.7 of plaintiff's complaint, defendants admit there are multiple shifts at LESA Communications, including, but not limited to day, swing and graveyard.  Defendants admit the swing shift hours are from 3:00 p.m. to 11:00 p.m., 3:00 p.m. to 1:00 a.m., and 5:00 p.m. to 3:00 a.m.  Defendants admit that LESA employees annually "bid" for the shift they want to work the following year.  Defendants deny that once an employee successfully bids for swing shift, that employee rotates only among the three different time slots for swing shift.  With regards to the remaining allegations contained in paragraph 4.7, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

4.8     In response to paragraph 4.8 of plaintiff's complaint, the defendants deny that the "barrel" shift is "in addition to" the regular shifts and assert that the "barrel" shift is a regular shift.  With regards to the remaining allegations contained in paragraph 4.8, defendants admit the same.

4.9     In response to paragraph 4.9 of plaintiff's complaint, defendants admit that on or about May 20, 2008, plaintiff provided a note from her doctor which indicated plaintiff needed to be on a regimented medication and sleep schedule to control her tremors, and plaintiff requested an accommodation allowing her to work only the swing shift.  Defendants admit that they temporarily accommodated plaintiff's request to limit her to work hours to the

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES –
Page 6 of 13
(C10-5111 FDB)

LEG 008 (12/01)

swing shift and temporarily excused plaintiff from assignment to the barrel shift until the accommodation request could be formally addressed. As to the remaining allegations contained in paragraph 4.9, defendants deny the same.

4.10    In response to paragraph 4.10 of plaintiff's complaint, defendants admit that plaintiff's physician provided an ADA Request which outlined that plaintiff required a regimented medication and sleep schedule and that her doctor requested that she be scheduled to work only the swing shift time slots. The defendants deny that plaintiff's physician recommended a communication device or stated that such a device was necessary as a reasonable accommodation, but admit that he requested she be provided with a communication device.

4.11    In response to paragraph 4.11 of plaintiff's complaint, defendants deny the same.

4.12    In response to paragraph 4.12 of plaintiff's complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

4.13    In response to paragraph 4.13 of plaintiff's complaint, defendants admit that plaintiff filed a complaint with the Equal Employment Opportunity Commission and the Human Rights Commission. As to any remaining allegations contained in paragraph 4.13, defendants deny the same.

4.14    In response to paragraph 4.14 of plaintiff's complaint, defendants admit that plaintiff's work performance has been, for the most part, acceptable. Defendants admit that there have been occasions where supervisors unaware

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, Washington 98402-3767
(253) 591-5885 / FAX 591-5755

LEG 008 (12/01)

of plaintiff's shift restrictions have called to see whether plaintiff would be available to work an extra shift. As to the remaining allegations contained in paragraph 4.14, defendants deny the same.

4.15    In response to paragraph 4.15 of plaintiff's complaint, on information and belief, defendants admit the same.

## V.    CAUSES OF ACTION

### First Cause of Action - Discrimination

5.1    In answer to paragraph 5.1 of plaintiff's complaint, defendants deny the same.

5.2    In answer to paragraph 5.2 of plaintiff's complaint, defendants deny the same.

### Second Cause of Action – Intentional and Negligent Infliction of Emotional Distress

5.3    In answer to paragraph 5.3 of plaintiff's complaint, defendants deny the same.

### Third Cause of Action – RCW 49.60

5.4    In answer to paragraph 5.4 of plaintiff's complaint, defendants deny the same.

### Fourth Cause of Action – Violation of 42 U.S.C. § 1983 and State Constitution

5.5    In answer to paragraph 5.5 of plaintiff's complaint, defendants deny the same.

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES –
Page 8 of 13
(C10-5111 FDB)

LEG 008 (12/01))

5.6    In answer to paragraph 5.6 of plaintiff's complaint, defendants deny the same.

5.7    In answer to paragraph 5.7 of plaintiff's complaint, defendants deny the same.

5.8    In answer to paragraph 5.8 of plaintiff's complaint, defendants admit that defendant Orr has final decision making authority in his capacity as Director of LESA, but deny that defendant Orr failed to accommodate plaintiff's schedule and equipment requests.  Defendants deny that defendant Lock had final decision making authority.  As to any remaining allegations contained in paragraph 5.8, defendants deny the same.

5.9    In answer to paragraph 5.9 of plaintiff's complaint, defendants deny the same.

5.10   In answer to paragraph 5.10 of plaintiff's complaint, defendants deny the same.

5.11   In answer to paragraph 5.11 of plaintiff's complaint, defendants deny the same.

## AFFIRMATIVE DEFENSES

6.1    FOR FURTHER ANSWER AND BY WAY OF AN AFIFRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, these defendants state that there is no causation between the acts alleged as against these defendants and the damages claimed to have been sustained by the plaintiff.

6.2    FOR FURTHER ANSWER AND BY WAY OF AN AFIFRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, these defendants allege that, with

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES –
Page 9 of 13
(C10-5111 FDB)

LEG 008 (12/03)

respect to some or all of the claims asserted, plaintiff has failed to state a claim upon which relief can be granted.

6.3    FOR FURTHER ANSWER AND BY WAY OF AN ADDITIONAL AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, defendants allege, based on information and belief and for purposes of avoiding waiver, that plaintiff has failed to mitigate her damages.

6.4    FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, these defendants assert that, at all times relevant thereto, defendants demonstrated good faith efforts, in consultation with plaintiff, to identify and make reasonable accommodations that would provide plaintiff with an equally effective opportunity and would not cause an undue hardship on the operation of LESA Communications.

6.5    FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, these defendants assert that plaintiff failed to engaged in the interactive process in good faith and that therefore, her claims are not ripe.

6.6    FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, these defendants assert that shift requirements for LESA employees are job related and consistent with business necessity.

6.7    FOR FURTHER ANSWER AND BY WAY OF AN ADDITIONAL AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, the individually

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES –
Page 10 of 13
(C10-5111 FDB)

LEG 008 (12/01)

1   named defendants allege that they are immune from some or all of the claims

2   herein pursuant to the doctrine of qualified immunity.

3       6.8    FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE

4   DEFENSE TO PLAINTIFF'S COMPLAINT, the defendant City of Tacoma

5   alleges that plaintiff's allegations or claimed constitutional deprivations under 42

6   USC § 1983 are expressly and/or implicitly premised upon a theory of derivative

7   and/or respondeat superior liability and the defendant City of Tacoma is

8   immune from suit on that basis.

9       6.9    FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE

10  DEFENSE TO PLAINTIFF'S COMPLAINT, the defendant Pierce County alleges

11  that plaintiff's allegations or claimed constitutional deprivations under 42 USC §

12  1983 are expressly and/or implicitly premised upon a theory of derivative and/or

13  respondeat superior liability and the defendant Pierce County is immune from

14  suit on that basis.

15      6.10   FOR FURTHER ANSWER AND BY WAY OF AN AFFIRMATIVE

16  DEFENSE TO PLAINTIFF'S COMPLAINT, the defendants assert that some or

17  all of certain claims are barred by the applicable statute of limitations.

18      6.11   FOR FURTHER ANSWER AND BY WAY OF AN ADDITIONAL

19  AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, these defendants

20  reserve the right to assert additional affirmative defenses, including

21  counterclaims and third-party complaints, as further information becomes

22  known.

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES –
Page 11 of 13
(C10-5111 FDB)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, Washington 98402-3767
(253) 591-5885 / FAX 591-5755

LEG 008 (12/01)

WHEREFORE, having fully answered plaintiff's complaint, defendants pray for judgment as follows:

1.    For judgment ordering that plaintiff's complaint against answering defendants be dismissed with prejudice and with costs and actual attorney's fees awarded to these defendants.

2.    For judgment awarding these defendants any and all available relief, including, but not limited to, their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

3.    For such other and further relief as the Court deems just and equitable.

DATED this _8th_ day of _April_ , 2010.

ELIZABETH A. PAULI, City Attorney

By: _____
JEAN HOMAN
WSB #27084
Deputy City Attorney
Of Attorneys for Defendants

By: _____
JENNIFER J. TAYLOR
WSB #26607
Assistant City Attorney
Of Attorneys for Defendants

/    /

/

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES –
Page 12 of 13
(C10-5111 FDB)

LEG 008 (12/01)j

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on _____4-8-10_____, I electronically
filed, through my staff, the foregoing with the Clerk of the Court using the
3    CM/ECF system which will send notification of such filing to Wayne C. Fricke,
attorney for plaintiff.
4

5

6                                        JEAN P. HOMAN
                                         WSBA#27084
7                                        Attorney for Def. City of Tacoma
                                         Tacoma City Attorney's Office
8                                        747 Market Street, Suite 1120
                                         Tacoma, WA  98402
9                                        (253) 591-5885
                                         Fax:  (253) 591-5755
10                                       jhoman@ci.tacoma.wa.us

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    DEFENDANTS' ANSWER AND
      AFFIRMATIVE DEFENSES –
      Page 13 of 13
      (C10-5111 FDB)

LEG 008 (12/01d)